IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                                OPINION AND ORDER

                Plaintiff,

                                                  13-cv-851-bbc

      v.

BRIAN BEAHM, ROBERT SCHENCK,
TROY HERMANS, JEFF PUGH,
KAREN GOURLIE, TODD JOHNSON,
TOM GOZINSKE, ISMAEL OZANNE,
AMY SMITH and JOHN or JANE DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Thomas Zach, a former prisoner at the Thompson Correctional Center, located in Deerfield, Wisconsin, has filed a proposed complaint in this case against several prison officials regarding interference with his mail and subsequent retaliation against him. Plaintiff seeks leave to proceed in forma pauperis on his claims, and the court has already concluded that plaintiff may proceed without prepayment of the $350 filing fee. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915.

      In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). After

considering plaintiff's allegations, I conclude that he fails to state a First Amendment claim regarding interference with his mail and that his allegations are not sufficient at this point to proceed on any claims of retaliation. I will give him an opportunity to submit an amended complaint that sets forth the basis for his retaliation claims in more detail.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

At all times relevant to his complaint, plaintiff was incarcerated at the Thompson Correctional Center. On October 17, 2008, defendant correctional officer Brian Beahm opened mail sent by plaintiff's mother to plaintiff. Plaintiff received the letter the same day, but after Beahm read the mail. Beahm did not receive authorization under Department of Corrections officials to read the mail.

Plaintiff "directed an in person" request to Beahm to speak with defendant Captain Schenck about Beahm's decision to read his mail. Beahm denied this request and told plaintiff to file a formal request. Plaintiff "verbally, yet politely challenged" Beahm "and his daily practice and ritual of reading . . . all incoming inmate mail." Plaintiff was given a conduct report by Beahm. The conduct report was authorized by defendant correctional officer Hermans. Captain Schenck found plaintiff guilty of creating a "serious disruption" by waving to his parents in the distance after a visit.

On October 20, 2008, plaintiff filed an inmate grievance about this incident. Defendant Todd Johnson (whom plaintiff calls a corrections complaint examiner but appears

to be operating as an institution complaint examiner, the staff member who initially reviews grievances) recommended dismissal of the grievance. Defendant Jeff Pugh agreed to dismiss it. Plaintiff's appeals to corrections complaint examiner Tom Gozinske and representative of the Department of Corrections secretary Amy Smith dismissed plaintiff's appeals of the grievance.

Plaintiff was sent to segregation April 17, 2009 to April 29, 2009 by defendants Schenck and Hermans for reasons never explained by them.

On April 22, 2010, defendant Beahm opened and read a letter sent to plaintiff by a friend, William Schmelzer. Beahm did not have any reason to believe that the mail created a safety risk or involved criminal activity and Beahm did not go through the administrative process required to open a prisoner's mail, which would have required authorization from defendant Hermans. Beahm did not let plaintiff see the letter.

Beahm gave defendant Schenck the letter for "supervisory review." Schenck called plaintiff to the business office, asked plaintiff how he knew Schmelzer and told plaintiff that he would not be receiving the letter, instead saying that "this letter was clearly intended for [defendant Beahm]." Plaintiff asked whether the letter referred to Beahm or contained any contraband, and Schenck responded, "No." When plaintiff finally saw the contents of the mail, he saw that there were no references to Beahm or any threatening language such that it would have been appropriate for Beahm to read the mail.

Plaintiff filed a grievance about this incident but it was dismissed by the various parties reviewing it, including defendants Johnson, Hermans, Gozinske and Ismael Ozanne. Johnson's decision stated in part:

3

> The denial was not based on contraband or gang concerns. Rather, it (certified letter) was denied as it contains blatant derogatory and vulgar language which is obviously directed at and written solely to berate TCC Security Staff. No reasonable person could read this letter and find it to be anything less than inflammatory, hurtful and counterproductive to the orderly operation of a Correctional Center.

Hermans reviewed the grievance despite his being named within the grievance itself as one of the parties violating plaintiff's rights.

On May 5, 2010, defendant Beahm opened and read a letter sent by Schmelzer to plaintiff. Beahm did not let plaintiff have the letter. Instead, he gave it to defendant Schenck. Schenck told plaintiff, "I don't know what this guy's problem is, but, I can't let you have this letter either" and "this letter was clearly intended for [defendant Beahm] as well."

Plaintiff filed a grievance about the incident. In recommending its dismissal, defendant Johnson again stated that the letter "was denied as it contains blatant derogatory and vulgar language which is obviously directed at and written solely to berate TCC Security staff." Defendant Hermans dismissed the grievance despite being named in it. Plaintiff's appeals were dismissed by defendants Gozinske and Ozanne. While the final appeal before Ozanne was pending, plaintiff received a letter from defendant Karen Gourlie stating that the time for deciding the appeal was extended.

None of the defendants followed the proper administrative procedures for opening, reading and taking plaintiff's mail.

OPINION

I understand plaintiff to be attempting to bring claims under the First Amendment for the three instances of interference with his mail and for alleged retaliation by defendants against plaintiff, as well a due process claim regarding his grievances and a claim about being placed in segregation for no reason. The first two of claims are very similar to those brought by plaintiff in case no. 13-cv-851-bbc, in which I concluded that he could not proceed on claims of mail interference but gave him a chance to file an amended complaint more fully explaining the basis for his retaliation claims. I will treat his current First Amendment claims similarly, and his other claims will be dismissed.

As to the First Amendment mail claim, the three alleged incidents of interference with mail over almost two years do not rise to the level of a constitutional violation. Isolated instances of mail disruption or theft of reading material do not suffice to establish a constitutional violation. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999); Sizemore v. Williford, 829 F.2d 608, 610-11 (7th Cir. 1987). (I note that plaintiff states that Beahm reads *all* incoming mail, but this does not appear to be the basis for his claim. Rather, he focuses on the interference with the three letters described above. If plaintiff means to bring a claim regarding defendant Beahm's practice of reading all incoming mail, he should provide an amended complaint providing further explanation about this issue, including what types of mail Beahm has read Beahm and how it affected plaintiff.)

Moreover, plaintiff does not seem to dispute that at least the second two letters *were* inappropriate. Rather, he states that state regulations were not followed by defendants in

5

opening his mail, but plaintiff cannot bring a claim under 42 U.S.C. § 1983 for a violation of a state regulation. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations . . . ."). I will not exercise supplemental jurisdiction over any state claims because challenges to actions under these regulations may be brought only in state court by certiorari, if at all. E.g., State ex rel. L'Minggio v. Gamble, 2003 WI 82, ¶ 23, 263 Wis. 2d 55, 667 N.W.2d 1; see also Outagamie County v. Smith, 38 Wis. 2d 24, 34, 155 N.W.2d 639, 645 (1968) (with respect to laws that are not made enforceable by statute expressly, action is reviewable only by certiorari).

I understand plaintiff to be contending that his right to due process was violated by defendant Hermans when he ruled on plaintiff's grievance despite being named in the grievance itself as a party who violated his rights. However, prison officials are under no constitutional obligation to provide due process in the internal grievance system or, for that matter, provide any grievance system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); see also Grieveson v. Anderson, 538 F.3d 763, 772-73 (7th Cir. 2008); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996). Accordingly, plaintiff will not be allowed to proceed on this claim.

To state a claim for retaliation under the First Amendment, a plaintiff must identify

(1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendant took the action she did against him.  Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir.2009).

Plaintiff believes that defendants opened his mail and gave him a conduct report for prior inmate grievances he filed, but he does not say when he filed those grievances, what they were about or why he thinks that defendants meant to retaliate against him.  These conclusory allegations are not sufficient to state retaliation claims.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Also, plaintiff states that he was placed in segregation by defendants Schenck and Hermans in April 2009 without any stated reason.  However, these events do not seem to be connected to the mail incidents and plaintiff does not provide any explanation of why he thinks defendants took this action.

I will give plaintiff a chance to file an amended complaint that provides more explanation of why he believes that defendants meant to retaliate against him and what rights he thinks were violated by his placement in segregation. Plaintiff's amended complaint should completely replace his existing complaint, so he should include all of the allegations in his original complaint he thinks are relevant as well as new information explaining the basis for his claims.

7

ORDER

IT IS ORDERED that

1. Plaintiff Thomas Zach is DENIED leave to proceed on his First Amendment claims regarding mail interference and his due process claims regarding the grievance process.

2. Plaintiff may have until March 27, 2014 to submit an amended complaint more fully explaining the basis for his retaliation claims and his claim regarding being placed in segregation. If plaintiff fails to submit an amended complaint by this deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Entered this 6th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge